# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JASMINE SANCHEZ,

    Plaintiff

v.

CHET RIGNEY, et al.,

    Defendants

Case No.: 3:22-cv-00259-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action with prejudice as a result of Plaintiff's failure to appear for a court-ordered telephonic case management conference (CMC).

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 10.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

Plaintiff's complaint was screened and Plaintiff was allowed to proceed with claims for retaliation, excessive force, failure to protect, and deliberate indifference to serious medical needs. (ECF No. 9.)

On November 11, 2022, the court issued an order for the parties to appear for a mandatory telephonic Case Management Conference (CMC) on December 20, 2022, at 2:00 p.m.

The order also required each party to file a case management report no later than December 13, 2022. (ECF No. 29.)

Defendants filed their case management report (ECF No. 36). However, no case management report was filed by Plaintiff.

On December 20, 2022, at the time set for the telephonic CMC, the court was advised by Deputy Attorney General (DAG) Ginn and Trasheika Clemones (NDOC) that Plaintiff refused to leave his cell to appear for the CMC. (ECF No. 39.) The court was provided with a copy of the notice indicating Plaintiff's refusal. (ECF No. 44-1.) As a result of Plaintiff's refusal to appear for the telephonic CMC, the court set a show cause hearing for January 12, 2023, at 9:00 a.m. The court ordered that on or before January 3, 2023, Plaintiff shall file a written response showing cause for his failure to file a case management report and appear at the telephonic CMC. (ECF No. 39.)

The law librarian provided Plaintiff a copy of the court's minutes from the December 20, 2022 hearing; however, Plaintiff refused to sign for the court document. (ECF No. 40.)

Plaintiff filed a document on December 27, 2022, stating that Ms. Clemones is a liar, and Plaintiff never signed a refusal form and was not given the option to do so. (ECF No. 42.) Plaintiff filed another document stating that he was told on December 19, 2022, by Sergeant Scott Manning that he was going to die if he went to the December 20, 2022 telephonic CMC. He says that Director Gittere and Warden William Reubart already gave Manning the go ahead to make it look like Plaintiff was refusing to walk on video. As such, Plaintiff claims he did not appear for the telephonic CMC out of fear for his life. (ECF No. 43.)

The court held the show cause hearing on January 12, 2023. The court heard testimony from Lieutenant Rigney and Senior Correctional Officer Noriega about Plaintiff's refusal to

leave his cell to appear for the telephonic CMC on December 20, 2022. Rigney and Noriega

testified that they did not threaten any physical harm to Plaintiff if he attended the hearing. The

court also heard from Plaintiff, who reiterated that he feared for his life and he had been

repeatedly threatened and harassed by prison staff. He also claimed that Rigney and Noriega

were lying.

The court finds Plaintiff's testimony was not credible, and that his accusations about the

two officers regarding the events on December 20, 2022, are false. Moreover, even assuming for

the sake of argument that someone had threatened Plaintiff about attending the court hearing, it

would have been reasonable for Plaintiff to attend the CMC to inform the court of the alleged

threat on that date.

In sum, the court finds Plaintiff has not demonstrated good cause to justify his failure to

appear for the December 20, 2022 telephonic CMC. Even more troubling, the court finds

Plaintiff provided false testimony about his refusal to attend the CMC.

## II. DISCUSSION

The court may, after providing notice and an opportunity to be heard, impose any and all

appropriate sanctions on an attorney or party who fails to appear when required for a pretrial

conference or fails to comply with an order of the court. LR IA 11-8.

Federal Rule of Civil Procedure 16(f) likewise authorizes the issuance of "any just order"

including those authorized by Rule 37(b)(2)(A)(i)-(vii) if a party "fails to appear at a scheduling

or other pretrial conference" or "fails to obey a scheduling or other pretrial order." This includes

the sanction of dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v).

In addition, the court has the power to sua sponte dismiss an action for failure to comply

with court rules or orders. *See* Fed. R. Civ. P. 41(b); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.

1984) (citation omitted); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965). In considering

whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

1440 (9th Cir. 1998); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992).

The court finds Plaintiff failed to comply with the court's orders to file a case

management report and appear for the mandatory telephonic CMC on December 20, 2022.

Plaintiff's testimony that he did not attend because he feared for his life is simply not credible.

Moreover, Plaintiff provided no explanation for his failure to file the court-ordered case

management report. The court finds that dismissal is an appropriate sanction under the

circumstances.

First, with respect to the public's interest in expeditious resolution of litigation, Plaintiff's

failure to appear for a court-ordered CMC has unnecessarily delayed this action by requiring the

submission of briefing as well as a hearing on the order to show cause.

Second, the court's need to manage its docket has been thwarted by Plaintiff's failure to

appear. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the

Court to manage its docket without being subject to routine noncompliance of litigants."). "Rule

16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited,

wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement

facilitated." *In re Phenylpopanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227

(9th Cir. 2006).

Plaintiff's failure to appear resulted in the court, defense counsel, and NDOC staff spending unnecessary time in connection with the order to show cause proceeding. This undoubtedly took time away from other cases and the management of the court's docket. All of this could have been avoided if Plaintiff had simply appeared for the CMC.

Third, Defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. The defense was also prejudiced by the expenditure of time and effort in preparing their case management report, appearing for the CMC, and preparing for and appearing for the Order to Show Cause (OSC) hearing.

Fourth, the public policy favoring disposition of cases on their merits weighs in Plaintiff's favor, but this factor does not outweigh the other factors that weigh in favor of dismissal.

Finally, the court does not perceive any less drastic sanction would be effective. Plaintiff is an indigent inmate litigant, and so payment of Defendants' fees and costs expended in preparing for and attending the CMC and OSC proceedings is not practical. The court is not aware of any other non-monetary sanction that would adequately address Plaintiff's failure to follow the court's order to file a case management report and appear for the CMC. Given Plaintiff's demeanor at the OSC hearing, it is clear that a warning or reprimand would have no impact. Treating the failure to adhere to the court's orders as contempt of court would not have an effect on an indigent litigant who is already incarcerated. Nor would it serve as any type of deterrent, to Plaintiff or others litigating in this court, if the court simply turned a blind eye to this type of conduct by either setting another CMC or allowing the case to proceed.

In sum, the above-referenced factors weigh in favor of dismissal. Therefore, the court recommends the sanction of dismissal of this action with prejudice for Plaintiff's failure to

comply with the court's orders to file a case management report and appear for the mandatory telephonic CMC.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** and **DENYING** his pending motions (ECF Nos. 45, 47) as **MOOT.**

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.


Dated: January 12, 2023

_____
Craig S. Denney
United States Magistrate Judge