UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JASMINE SANCHEZ, | Case No. 3:22-cv-00259-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHET RIGNEY, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Jasmine Sanchez, currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint under 42 U.S.C. § 1983. (ECF No. 10.) Before the Court is a Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 51 ("R&R")), recommending that the Court dismiss Plaintiff's action with prejudice and deny Plaintiff's pending motions (ECF Nos. 45, 47, 56, 57, 59, 60)[1]. Plaintiff has not filed an objection to the R&R. Because the Court agrees with Judge Denney, and as further explained below, the Court adopts the R&R in full. Accordingly, the Court dismisses this action with prejudice and denies Plaintiff's pending motions.

**II.   BACKGROUND**

The Court incorporates by reference Judge Denney's description of the case's factual background and procedural history provided in the R&R, which the Court adopts. (ECF No. 51 at 1-3.)

---

[1]After Judge Denney issued the R&R, Plaintiff filed four additional motions: (1) a motion for miscellaneous relief (ECF No. 56); (2) a "motion to use priority shipping envelopes" (ECF No. 57); (3) a motion for appointment of counsel (ECF No. 59); and (4) a "motion to obtain video feed of retaliation for attending a court order telephonic conference meeting" (ECF No. 60).

## III.    DISCUSSION

Judge Denney recommends dismissal of Plaintiff's action "as an appropriate sanction" under LR IA 11-8 and Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A). (*Id.* at 3.) As grounds for dismissal, Judge Denney cited Plaintiff's failure to comply with the Court's orders to "file a case management report and appear for the mandatory telephonic [case management conference] on December 20, 2022." (*Id.* at 4.) Moreover, Judge Denney explains, Plaintiff failed to demonstrate good cause at a subsequent show-cause hearing justifying Plaintiff's failure to appear at the case management conference. (*Id.* at 3.) And "[e]ven more troubling, . . . Plaintiff provided false testimony about his refusal to attend the [case management conference]." (*Id.*)

In determining whether *sua sponte* dismissal is an appropriate sanction, Judge Denney notes and weighs the following reasons: (1) Plaintiff's failure to appear at the case management conference unnecessarily delayed this action through additional briefing and a show-cause hearing; (2) Plaintiff's failure to appear prevented the Court from expeditiously resolving this action; (3) Plaintiff's conduct prejudiced Defendants by requiring them to prepare for additional hearings and deadlines; and (4) the Court cannot find any other non-monetary sanction that would adequately address Plaintiff's conduct.[2] (*Id.* at 4-5.) *See also In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (requiring the Court to weigh the following five factors in determining whether to dismiss an action for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions") (citations and quotation marks omitted).

In line with the Court's authority to *sua sponte* dismiss an action for failure to comply with court orders as well as the Court's need to manage its docket, Judge Denney

---

[2]Judge Denney acknowledges that one of the five factors—the public policy favoring disposition of cases on their merits—"weighs in Plaintiff's favor, but this factor does not outweigh the other factors that weigh in favor of dismissal." (ECF No. 51 at 5.)

2

recommends dismissal with prejudice of this action and denial of Plaintiff's pending motions as moot. (*Id.* at 4-6.) *See also* LR IA 11-B; Fed. R. Civ. P. 16(f), 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citations omitted); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965).

Because Plaintiff has not objected to the R&R, the Court need not review Judge Denney's recommendations *de novo*; the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note to 1983 amendments; *see also* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that when a party fails to object to a magistrate's recommendation, the Court need not conduct "any review at all . . . of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). As the Court finds no clear error on the face of the record before it, the Court will accept and adopt the R&R in full.

## IV. CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 51) is accepted and adopted in full.

It is further ordered that the Complaint (ECF No. 10) is dismissed with prejudice and without leave to amend.

It is further ordered that Plaintiff's pending motions (ECF Nos. 45, 47, 56, 57, 59, 60) be denied as moot.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 27th Day of January 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE