# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE SANCHEZ,<br><br>    Plaintiff<br><br>v.<br><br>CHET RIGNEY, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00259-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 63, 64, 67 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that Plaintiff's notice of motion regarding Lieutenant Roman taking his evidence (ECF No. 63) and motion for emergency transfer (ECF No. 64) be denied, and that his proposed first amended complaint (FAC) (ECF No. 67) be stricken.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). He filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. The court screened his complaint, and allowed Plaintiff to proceed with the following claims: First Amendment retaliation and Eighth Amendment excessive force claims against Chet Rigney based on allegations that Plaintiff filed a lawsuit against Chet Rigney, and after Chet Rigney learned of the lawsuit from the librarian, he beat Plaintiff up and threatened to break his neck and kill him; an Eighth Amendment failure to protect claim against Reubart, Drummond, Cooke, and Curtis Rigney based on allegations that Plaintiff asked them to keep Chet Rigney away from him, but

they denied his requests despite asserting he was at substantial risk of serious harm; an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Hicks based on allegations that he had visible physical injuries after Chet Rigney beat him up, but Dr. Hicks refused to treat him, did not order x-rays until he was suffering in unbearable pain, and did not give him anything for his pain. (ECF Nos. 9, 10.)

The court issued an order for the parties to appear for a mandatory telephonic case management conference (CMC) on December 20, 2022, and required each party to file a case management report no later than December 13, 2022. (ECF No. 29.) Plaintiff did not file a case management report and also refused to leave his cell to appear for the CMC. (ECF No. 39.) The court set an order to show cause (OSC) hearing for January 12, 2023. (ECF No. 39.)

At the OSC hearing, the court heard testimony from Lieutenant Rigney and Senior Correctional Officer Noriega, and the court also heard testimony from Plaintiff. The court found Plaintiff's testimony was not credible and determined he did not demonstrate good cause to justify his failure to appear for the December 20, 2022, telephonic CMC, and even more troubling, that Plaintiff provided false testimony about his refusal to attend the CMC. As a result of Plaintiff's failure to comply with the court's orders to file a CMC statement and appear for the CMC, it was recommended that Plaintiff's case be dismissed with prejudice. (ECF No. 51.)

Chief District Judge Du adopted the report and recommendation and dismissed this action with prejudice and denied Plaintiff's other pending motions as moot. (ECF No. 61.) Judgment was entered and this case was closed on January 27, 2023. (ECF No. 62.)

That same day, Plaintiff filed a notice of motion asserting that Lieutenant Roman had taken his evidence of the correctional officer's DNA that spit in his food. (ECF No. 63.)

On January 30, 2023, he filed a motion for an emergency transfer. (ECF No. 64.)

## II. DISCUSSION

### A. ECF No. 63

This notice of motion was filed the same day the judgment was entered. Giving Plaintiff the benefit of the doubt that he did not yet know the case was closed, the court will address the substance of this motion.

Plaintiff states that he has "double packaged" evidence of a correctional officer's DNA that spit in his foot and he tried to send proof of constant harassment to the Ely State Prison (ESP) staff. He asserts that it was taken and there has been a refusal to return the evidence. He asserts that this is evidence of the harassment he has been experiencing.

Plaintiff does not seek any particular relief in connection with this motion, but the court recommends that the motion be denied because it has no substantive relationship to the claims that were proceeding in this case.

### B. ECF No. 64

Plaintiff has filed a motion for emergency transfer. Plaintiff states that he has sent evidence of Warden T. Cooke, Drummond, and Reubart refusing to provide him protection, and he has set forth accounts of harassment by staff at ESP. He asserts that Drummonds statement he has no knowledge of this, and his statements that Plaintiff has access to hygiene supplies, shower and a heated cell are false. He also references not having been given notice or a hearing for a write up. Plaintiff goes on to reference the court's finding that he failed to appear for the CMC in this case, now claiming that the undersigned kept forcing him to talk to Rigney after he repeated that there was nothing to say to him. Plaintiff states that he has sent evidence and proof supporting his request for a transfer.

This case is closed, and judgment has been entered against Plaintiff and in favor of Defendants. Moreover, the Constitution does not guarantee that an inmate will be placed in any particular prison. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Id*. at 229 (citations omitted).

Finally, a party seeking injunctive relief must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable injury in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Plaintiff has not addressed each of these factors.

For these reasons, Plaintiff's motion should be denied.

**C. ECF No. 67 (proposed FAC)**

On February 6, 2023, Plaintiff filed a proposed FAC. (ECF No. 67.) The FAC is asserted only against Chet Rigney and alleges that while Plaintiff was in full restraints and on the ground, he was beaten and had his arm broken by Chet Rigney in retaliation for filing another lawsuit.

Judgment has been entered against Plaintiff, and the case has been closed. Therefore, Plaintiff's proposed FAC should be stricken from the record.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions at ECF Nos. 63 and 64 and **STRIKING** the FAC (ECF No. 67).

Plaintiff should be admonished to cease filing documents in this closed case.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 7, 2023

_____
Craig S. Denney
United States Magistrate Judge