UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASMINE SANCHEZ,<br><br>　　　　　　Plaintiff,<br>　v.<br>CHET RIGNEY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-00259-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Jasmine Sanchez, currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint under 42 U.S.C. § 1983. (ECF No. 10.) Before the Court is a Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 69 ("R&R")), recommending that the Court first dismiss Plaintiff's notice of motion regarding prison staff taking evidence (ECF No. 63) and motion for emergency transfer (ECF No. 64), and also striking from the record Plaintiff's proposed first amended complaint (ECF No. 67 ("Proposed FAC")).[1] Plaintiff has not filed an objection to the R&R. Because the Court agrees with Judge Denney, and as further explained below, the Court adopts the R&R in full.

**II.　BACKGROUND**

The Court incorporates by reference Judge Denney's description of the case's factual background and procedural history provided in the R&R, which the Court adopts. (ECF No. 69 at 1-2.)

///

---

[1] After Judge Denney issued this R&R, and after the Court adopted Judge Denney's previous report and recommendation and closed this case (ECF Nos. 51, 61), Plaintiff filed two additional motions: (1) a motion for appointment of counsel (ECF No. 72) and (2) a motion for a transcript of proceedings (ECF No. 74).

### III.   DISCUSSION

To start, the Court has recently adopted Judge Denney's previous report and recommendation (ECF No. 51), which had recommended dismissing Plaintiff's action with prejudice and without leave to amend "as an appropriate sanction" under LR IA 11-8 and Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A). (ECF Nos. 51 at 3, 61 at 3.)

Because Plaintiff filed his notice of motion (ECF No. 63) on the same day the Court entered judgment and closed this case, Judge Denney gave Plaintiff "the benefit of the doubt that he did not yet know the case was closed" and thus addressed the substance of Plaintiff's notice. (ECF No. 69 at 3.) Judge Denney recommended dismissing Plaintiff's notice of motion, which asserts that prison staff took "DNA" evidence that Plaintiff had "double packaged" from a correctional officer who had spit in his food. (*Id.*) Judge Denney explained that Plaintiff's notice of motion "does not seek any particular relief" and "has no substantive relationship to the claims that were proceeding in this case." (*Id.*)

As for Plaintiff's motion for emergency transfer (ECF No. 64) due to alleged harassment by prison staff, Judge Denney recommended dismissal because Plaintiff is not constitutionally guaranteed placement in a particular state prison. (ECF No. 69 at 4.) *See also Meachum v. Fano*, 427 U.S. 215, 224, 229 (1976) (concluding that the Due Process Clause of the Fourteenth Amendment does not guarantee that an inmate will be placed in any particular state prison; explaining that "federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States"). In construing Plaintiff's motion as a request for injunctive relief, Judge Denney also recommended dismissal because Plaintiff has not addressed any of the four factors the Court must consider in determining whether to grant an injunction. (*Id.*) *See also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.")

Lastly, Judge Denney recommended striking from the record Plaintiff's Proposed

2

FAC (ECF No. 67) because Plaintiff merely repeats allegations made in the original screened complaint, and because the Court has already entered judgment in this now-closed case. (ECF No. 69 at 4.) *See also Cato v. U.S.*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that a district court may dismiss a complaint as frivolous if it "merely repeats pending or previously litigated claims") (citations and quotations omitted).

Because Plaintiff has not objected to the R&R, the Court need not review Judge Denney's recommendations *de novo*; the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note to 1983 amendments; *see also* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that when a party fails to object to a magistrate's recommendation, the Court need not conduct "any review at all . . . of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). As the Court finds no clear error on the face of the record before it, the Court will accept and adopt the R&R in full.

## IV. CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 69) is accepted and adopted in full.

It is further ordered that Plaintiff's pending motions (ECF Nos. 63, 64) are denied.

It is further ordered that the proposed first amended complaint (ECF No. 67) is stricken.

DATED THIS 27th Day of February 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE